UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARL KOYI,<br><br>Plaintiff,<br><br>v.<br><br>BOROUGH OF TINTON FALLS; TINTON FALLS POLICE DEPARTMENT; ADRIAN REYES; JAMES SPINA; DAVID EBERT; MATTHEW PARK; OFFICER DOE; DOCTOR DOE; STATE OF NEW JERSEY; and MERIDIAN JERSEY SHORE MEDICAL CENTER,<br><br>Defendants. | Civil Action No. 21-20352 (RK) (TJB)<br><br>**MEMORANDUM OPINION** |

**KIRSCH, District Judge**

    **THIS MATTER** comes before the Court upon a Motion to Dismiss filed by several Defendants seeking dismissal of *pro se* Plaintiff Carl Koyi's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and claiming qualified immunity for several Defendant police officers. (ECF No. 32.) Plaintiff submitted two filings opposing the Motion, (ECF Nos. 33, 34), and Defendants filed a brief in reply, (ECF No. 35). The Court has considered the parties' submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Motion to Dismiss is **GRANTED** with respect to the Rule 12(b)(6) relief and **DENIED** with respect to Defendants' qualified immunity request. The Complaint is **DISMISSED** without prejudice for failure to state a claim, except with respect to the Tinton Falls Police Department, which is **DISMISSED** from the case with prejudice.

I.  **BACKGROUND**

A.  **COMPLAINT AND PROCEDURAL HISTORY**

On December 6, 2021, the Court received Plaintiff's Complaint, (Compl., ECF No. 1-1), and accompanying application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915, (ECF No. 1-3). The Court, before the matter was transferred to the Undersigned, denied Plaintiff's IFP application three times. (ECF Nos. 5, 10, 12.) After the third denial, Plaintiff paid the filing fee, and his Complaint was filed on November 28, 2022. (*See* Docket entries from November 21 and 28, 2022.)

The Complaint names as defendants the Borough of Tinton Falls ("Tinton Falls"), the Tinton Falls Police Department (the "Department"), and four Tinton Falls police officers: Adrian Reyes, James Sapia,[1] David Ebert, and Matthew Park (collectively, the "Moving Defendants"). The Complaint names several other Defendants—Doctor Doe, the State Of New Jersey, and Meridian Jersey Shore Medical Center—whom Plaintiff has not served and who have not appeared in this action.[2] The Complaint states that the relevant events occurred at the Royal Inn in Neptune City, New Jersey, and the Hackensack Meridian Jersey Shore University Medical Center in Neptune City, New Jersey on "6/31/2021" at 6:15 p.m. (Compl. at 4.) The Complaint's factual allegations against the Moving Defendants read in their entirety:

> The officers used excessive force where plaintiff sustained physical and mental injury by police officers while supervisor was present. There was no discipline in punishing the officers. The state of new jersey, boro[u]gh of tinton falls and tinton falls police department is

---

[1] The case caption identifies one Defendant as "James Spina." However, the Moving Defendants indicate that this Defendant's name is correctly spelled "James Sapia." (ECF No. 32-2 at 2.) The Court uses the spelling "Sapia" throughout this Opinion.

[2] The Complaint contains allegations specific to these Defendants related to Plaintiff's treatment at the Meridian Jersey Shore Medical Center. (*Id.* at 4–5.) Because only the allegations against the Moving Defendants are relevant for the instant Motion, the Court considers only those allegations.

> held respons[i]ble for giving these officer[s] the authority to engage in a situation[,] to deescalate a situation[,] and be peace keepers.

(*Id.* at 4.) The Complaint alleges federal civil rights violations brought pursuant to 42 U.S.C. § 1983: excessive force, failure to supervise, failure to train, failure to discipline, and false statements. (*Id.* at 3.) Plaintiff alleges harm when his "shoulder was riped [sic] out of [his] sockets[,] facial injuries[,] body injuries, [and] mental injuries." (*Id.* at 5.) Plaintiff seeks $3 million in damages from the Moving Defendants, which includes "punitive damages and actual damage[s] due to the physical pain they put plaintiff through," including "loss of adequate use of arms and shoulders[,] mental pain, [and] constant pain." (*Id.*)

    **B.**     **DEFENDANTS' MOTION**

The Moving Defendants filed the pending Motion to Dismiss on March 23, 2023. (ECF No. 32.) The Motion is accompanied by their moving brief. ("Defs.' Br.", ECF No. 32-2.) The Moving Defendants contend that the Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim under section 1983. (*Id.* at 6–7, 11–13.) The individual police officer Defendants also claim their entitlement to qualified immunity. (*Id.* at 8–10.) Finally, the Department seeks dismissal because it is not the proper municipal defendant in a civil rights action. (*Id.* at 13.)

Defendants' brief contains a four-page "Statement of Facts and Procedural History, (*id.* at 2–5), and is accompanied by eleven exhibits, including the police report, (Ex. B to Defs.' Br., ECF No. 32-4), an officer's dashcam footage, (Ex. C to Defs.' Br., ECF No. 32-4), a witness statement, (Ex. D to Defs.' Br., ECF No. 32-4), and Plaintiff's civilian complaints to the Department and the internal affairs investigation documents they produced, (Exs. E–K to Defs.' Br., ECF No. 32-4). As explained below, these submission are inappropriate for the Court to consider on a motion to dismiss, and therefore their substance is irrelevant to resolving Plaintiff's Motion.

3

*Pro se* Plaintiff submitted two filings in response to the Motion. Plaintiff filed a one-page letter that briefly discussed the contents of the dashcam footage provided by the Moving Defendants. (ECF No. 33.) Plaintiff claims the video shows "defendant Reyes excessively used the arm bar technique causing injury specifically the dislocation of the shoulder, It is seen at that moment defendant Reyes jumps away is the moment he realized what he did." (*Id.*) Plaintiff also attaches 346 pages of medical records to the filing that Plaintiff contends shows "plaintiff had no opioids in his system," contrary to Moving Defendants' assertion in their Motion. (ECF No. 33-1.) In a filing made the following day, Plaintiff submitted a second letter with eight photographs purporting to show "the slicing of the wrist with cuffs they were intentionally put on so tight it broke the skin to the meat." (ECF Nos. 34, 34-1.)

Moving Defendants filed a reply brief, contending that "[s]ince both parties have submitted matters outside the pleadings to the Court for consideration with the Motion to Dismiss, the motion must be treated as a Motion for Summary Judgment." ("Defs.' Reply Br.", ECF No. 35 at 4.)

## II. LEGAL STANDARD

### A. FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). However, "[f]actual allegations must be enough to raise a right to relief above the speculative

level." *Twombly*, 550 U.S. at 555. A Court must only consider "the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). "A pleading that offers labels and conclusions or a formulistic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citations and quotation marks omitted).

The Third Circuit has advised that courts should apply procedural rules "flexibl[y]" to *pro se* plaintiffs. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). Indeed, this caution is "driven by the understanding that '[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Higgs v. Attorney Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) (citing *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006)). However, "a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted). Even *pro se* plaintiffs must "allege sufficient facts in their complaints to support a claim." *Mala*, 704 F.3d at 245 (citation omitted).

### B.   QUALIFIED IMMUNITY

The qualified immunity doctrine "shield[s] government officials performing discretionary functions . . . 'from liability from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Kopec v. Tate*, 361 F.3d 772, 776 (3d Cir. 2004) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity is not a "mere defense to liability" but rather "an entitlement not to

5

stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Therefore, it is important to "resolv[e] immunity questions at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)). A court hearing a claim to qualified immunity must determine both whether the plaintiff has shown a violation of a constitutional right and whether the right was "clearly established" at the time of the alleged constitutional violation. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (discussing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

### III. DISCUSSION

#### A. FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

##### 1. *Evidence Outside the Complaint*

Before considering whether the Complaint adequately states a claim, the Court addresses the Moving Defendants' contention on reply that their Motion "must be treated as a Motion for Summary Judgment" because "both parties have submitted matters outside the pleadings to the Court for consideration with the Motion to Dismiss." ("Defs.' Reply Br. at 4 (citing Fed. R. Civ. P. 56).) Defendants further argue that because *pro se* Plaintiff did not file a responsive statement of facts to the "Statement of Facts" Defendants submitted with their Motion, the Court must deem Defendants' facts as undisputed. (*Id.*)

The Court declines Defendants' invitation to construe its Motion to Dismiss as a Motion for Summary Judgment. Federal Rule of Civil Procedure 12(d) commands that before a court converts a motion to dismiss into one for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). The Third Circuit instructs that the "notice must be 'unambiguous' and must 'fairly apprise' the parties that the court intends to convert the motion." *In re Rockefeller Ctr. Properties, Inc. Sec.*

*Litig.*, 184 F.3d 280, 288 (3d Cir. 1999) (quoting *Rose v. Bartle*, 871 F.2d 331, 340 (3d Cir. 1989)). There is no suggestion here that *pro se* Plaintiff had unambiguous notice that the Court would consider entering summary judgment against him. The fact that Plaintiff offered facts in his opposition to summary judgment does not, by itself, constitute adequate notice. *See Id.* at 288 (rejecting argument that "plaintiffs had constructive notice of conversion because they chose to submit material beyond the pleadings").

Defendants' argument for summary judgment here is even more tenuous than the argument rejected in *In re Rockefeller* that a plaintiff's assertion of facts in opposition to a motion to dismiss constitutes adequate notice. Here, *pro se* Plaintiff did not make the initial move to offer facts at the motion to dismiss stage. Rather, Plaintiff merely responded to the extensive facts Defendants submitted in connection with their Motion to Dismiss. *Pro se* Plaintiff likely had no inkling that by partially responding to Defendants' statement of facts and exhibits, the Court would deem any uncontested fact admitted and assume that Plaintiff had submitted all relevant evidence that might support his argument on summary judgment. Notably, Defendants did not make their request for the Court to consider entering summary judgment in their favor until their reply brief. The fact that Moving Defendants elected to marshal significant evidence beyond the Complaint and submit it for the Court's consideration in connection with their Motion to Dismiss does not permit the Court to consider it.[3]

---

[3] The fact that no discovery has yet occurred and that Plaintiff is proceeding *pro se* gives the Court further pause in construing the Motion as a motion for summary judgment. "A court should not convert a motion, [] when little or no discovery has occurred." *Choi v. Keith*, No. 22-2812, 2023 WL 2528222, at *5 (D.N.J. Mar. 15, 2023) (quoting *Kurdyla v. Pinkerton Sec.*, 197 F.R.D. 128, 131 (D.N.J. 2000); *see also Yuratovich v. U.S. Dep't of Just.*, No. CV 13-5651, 2015 WL 8328328, at *4 (D.N.J. Dec. 8, 2015) (declining to convert defendants' motion to dismiss into one for summary judgment because "little discovery has been exchanged" and because of the Court's "concern[] with the adequacy of the notice" provided to the *pro se* plaintiff).

### 2. *Failure to State a Claim*

The Court now turns to the question of whether the Complaint has adequately stated a claim to survive dismissal under to Rule 12(b)(6). Plaintiff brings federal constitutional claims against Moving Defendants pursuant to 42 U.S.C. § 1983. The bare allegations of the Complaint state that on June 31, 2021 at the Royal Inn in Neptune, New Jersey, the officer Defendants conducting a "wellness check" encountered Plaintiff and used excessive force on him when Plaintiff's "arms w[ere] rip[ped] out of [his] sockets." (Compl. at 4.) At least one supervisor was present. (*Id.*) Against the municipality, Plaintiff alleges that the Township failed to supervise, train, and discipline the officers. (*Id.* at 3–4.)[4]

Excessive force claims that arise out of "an arrest, investigatory stop, or other 'seizure' . . . are properly analyzed under the Fourth Amendment's 'objective reasonableness' standard." *Graham v. Connor*, 490 U.S. 386, 388 (1989). "To state a claim for excessive force under the Fourth Amendment, [a plaintiff] must allege that a seizure . . . was carried out in an unreasonable manner." *Pearson v. Krasley*, 715 F. App'x 112, 114 (3d Cir. 2017) (citing *Estate of Smith v. Marasco*, 430 F.3d 140, 148 (3d Cir. 2005) and *Curley v. Klem*, 499 F.3d 199, 203 n.4 (3d Cir. 2007)). In *Jones v. Mermon*, the Third Circuit affirmed the District Court dismissing the Complaint

---

[4] Plaintiff submitted two letters including some additional allegations, as well as approximately three hundred and fifty pages of medical records in opposition to Defendants' Motion. "It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (internal citations and quotations omitted). Because the Court does not consider the facts Moving Defendants submitted with their Motion, it will not consider the additional facts Plaintiff's submission offers.

In any event, the only additional allegation in Plaintiff's opposition are that the officers injured him when they handcuffed him. However, Courts in this District "have previously dismissed excessive force claims regarding tightness of handcuffs when the Complaint pled only that their handcuffs were too tight resulting in injury, and failed to include additional facts such as the amount of time the plaintiff was handcuffed and whether they had requested the cuffs be loosened." *See Heath v. Gloucester Twp.*, No. 20-2049, 2020 WL 7090743, at *6 (D.N.J. Dec. 4, 2020) (collecting cases). Therefore, this bare allegation is unlikely, without more, to survive a motion to dismiss.

pursuant to Rule 12(b)(6), where the plaintiff made conclusory allegations that officers used excessive force during a high-speed police chase that ended in a vehicle collision and the deaths of two people. 507 F. App'x 100, 102 (3d Cir. 2012). The Court wrote:

> Although Jones apparently based his claims on the chase and collision, the only relevant factual allegation made was that a deadly, high speed police pursuit and collision occurred. Jones did not allege how the high speed pursuit started, why he was being pursued, what happened during the chase, or how the collision occurred and who was involved. This complete lack of facts regarding the chase and collision renders Jones' pleadings insufficient to raise a claim under the Fourth Amendment that the Defendants engaged in the unreasonable use of deadly force . . . .

*Id.* at 103; *see also Edwards v. Lindenwold Police Dep't*, No. 21-13076, 2022 WL 621064, at *6 (D.N.J. Mar. 3, 2022) (dismissing civil rights complaint alleging excessive force because the "[p]laintiff has failed to describe the nature of the force used against him for the Court to determine whether the Individual Officers used excessive force against him when they entered his home"); *Stora v. Brady*, No. 12-5131, 2014 WL 5148723, at *5 (D.N.J. Oct. 10, 2014) (dismissing civil rights complaint alleging excessive force because the "[p]laintiff has simply alleged in conclusory fashion that [the officers] beat him and used excessive force against him").

Here, the Complaint is comparably deficient by merely alleging excessive force that resulted in an injury to Plaintiff's arm. Conspicuously absent are any details about the circumstances that brought Plaintiff and the officers together at the Royal Inn, what happened leading up to the use of excessive force, and which officer(s) allegedly used excessive force. In short, the Complaint contains no allegations that Plaintiff has a "right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Therefore, the Complaint has failed to state a claim for excessive force.

The Complaint also fails to explain the role each defendant played in the wrongdoing. Plaintiff notes that at least one "supervisor was present," (Compl. at 4), but does not specify who carried out the alleged excessive force and who supervised it. *See Isaac v. Sigman*, No. 16-5345, 2017 WL 2267264, at *5 (D.N.J. May 24, 2017) ("Plaintiff does not direct any of her claims against any particular Defendant, nor does she even mention any of the defendants in the body of the complaint."); *Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297, at *2 (D.N.J. June 29, 2015) (holding that "conclusory allegations against defendants as a group" that "fail[] to allege the personal involvement of any defendant" are insufficient to survive a motion to dismiss).[5]

The Complaint also states that at least one of the Defendant officers was a supervisor at the scene. (Compl. at 4.) A plaintiff may not hold a supervisor liable for the constitutional violations of subordinate officer through a theory of *respondeat superior*. *See Monell v. Dept. of Social Services*, 436 U.S. 658, 691 (1978). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to identify the supervisor(s) he claims were present for the alleged excessive use of force, let alone what individual actions each supervisor took that could create liability under section 1983 and *Monell*.

Finally, the Complaint alleges failure to supervise, failure to train, and failure to discipline, (Compl. at 3), which suggests that Plaintiff seeks to establish municipal liability against the Borough pursuant to *Monell v. Dept. of Social Services*. To establish municipal liability under *Monell*, a plaintiff must allege "the existence of a policy or custom that has resulted in a

---

[5] Although Moving Defendants do not mention Federal Rule of Civil Procedure 8, the Court notes that the Complaint likely runs afoul of the Rule's requirement that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule's purpose is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

constitutional violation." *Groman v. Township of Manalapan*, 47 F.3d 628, 637 (3d Cir. 1995) (citing *Monell*, 436 U.S. at 694–95). A municipal policy is a "statement, ordinance, regulation, or decision officially adopted and promulgated by [a local governing] body's officers." *Simmons v. City of Phila.*, 947 F.2d 1042, 1059 (3d Cir. 1991) (quoting *Monell*, 436 U.S. at 690). A municipal custom "lacks the formal approval of a policy" but nonetheless constitutes "practices of state officials . . . [as are] so permanent and well settled as to constitute a 'custom or usage' with the force of law.'" *Id.* (quoting *Monell*, 436 U.S. at 690).

Where a municipality's policy or custom is "not unconstitutional itself," *Monell* liability may still be established "when the policy or custom . . . is the 'moving force' behind the constitutional tort of one of [the municipality's] employees." *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1027 (3d Cir. 1991) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981)). Under this latter avenue to establishing *Monell* liability, a plaintiff must "demonstrate that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 407 (1997). "'Deliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (quoting *Bryan Cnty.*, 520 U.S. at 410).

Here, Plaintiff fails to allege any facts that could support finding municipal liability. The Complaint states merely that the Borough of Tinton Falls "is held respons[i]ble for giving these officers the authority to engage in a situation[,] to deescalate a situation[,] and be peace keepers." In other words, Plaintiff alleges that the Borough is liable merely by virtue of granting the officers authority to enforce its laws. This is plainly insufficient to survive at the motion to dismiss stage, as it alleges no unconstitutional custom or policy, nor makes any suggestion of a policy that caused

11

Plaintiff's constitutional injury and was promulgated with deliberate indifference to its effects. *See Velez v. Fuentes*, No. 15-6939, 2016 WL 4107689, at *6 (D.N.J. July 29, 2016) (dismissing complaint that "does not state specific facts regarding how the policy or custom(s) of [the municipality] caused his injury that would allow his claim to cross 'the line between possibility and plausibility'" (quoting *Iqbal*, 556 U.S. at 678)).[6]

Therefore, the Motion to Dismiss the Complaint for failure to state a claim is granted and thus the Complaint will be dismissed without prejudice against all Moving Defendants, except against the Department, which will be dismissed with prejudice for the reasons below.

### B.   QUALIFIED IMMUNITY

Even after dismissing the claims for failure to state a claim, the Court will still consider Moving Defendants' claims to qualified immunity. *See Roth v. City of Hermitage*, 709 F. App'x 733, 736 (3d Cir. 2017) ("Failing to consider the qualified immunity defense before dismissing without prejudice on the merits was error because the District Court failed to resolve a motion asserting qualified immunity . . . at the earliest possible stage in the litigation." (citation omitted)). Defendants Reyes, Sapia, Ebert, and Park (collectively, the "Officer Defendants") claim they are entitled to qualified immunity for their actions at this stage of the litigation. The Officer Defendants contend that their use of force was objectively reasonable and that Plaintiff cannot demonstrate that their conduct violated a clearly established constitutional rights. (Defs.' Br. at 9–10.)

A Court may find an officer is entitled to qualified immunity at the motion to dismiss stage. On that procedural posture, "a law enforcement officer is shielded by qualified immunity if (1) the facts alleged show the officer's conduct did not violate a constitutional right, or (2) the right

---

[6] The Complaint also contains one reference to "false statements." (Compl. at 3.) The Complaint fails to explain who made these allegedly false statements and when and how they could rise to the level of a constitutional violation. To the extent Plaintiff seeks to allege a separate theory of section 1983 liability, this also fails for failure to state a claim.

violated was not clearly established in light of the specific context of the case." *Taylor v. Rosa*, 856 F. App'x 376, 378 (3d Cir. 2021) (citing *Reedy v. Evanson*, 615 F.3d 197, 223–24 (3d Cir. 2010)). In other words, "qualified immunity should only be granted on a motion to dismiss when it is 'established on the face of the complaint.'" *Janowski v. City of N. Wildwood*, 259 F. Supp. 3d 113, 126 (D.N.J. 2017) (quoting *Thomas v. Independence Twp.*, 463 F.3d 285, 291 (3d Cir. 2006)).

The facts alleged in the Complaint do not make clear either that the officers' conduct did not violate a constitutional right or that the right was not clearly established. As explained above, the threadbare Complaint does not provide any circumstances surrounding the officers' alleged use of excessive force. It merely alleges that in conducting a "welfare check," the Officer Defendant used excessive force, resulting in injury to Plaintiff's arm. By offering extrinsic evidence to establish their right to qualified immunity, (Defs.' Br. at 10), the Officer Defendants implicitly acknowledge that their immunity claim cannot be resolved on the pleadings. Defendants contend that they acted "reasonably under the circumstances," (*id.*), but the Complaint does not establish what those circumstances were, let alone permit the Court to conclude whether the officers' actions were reasonable under them.

Accordingly, the Court denies Defendants' motion to dismiss based on qualified immunity grounds at this juncture. *See Debrew v. Auman*, 354 F. App'x 639, 642 (3d Cir. 2009) (vacating order granting motion to dismiss on qualified immunity grounds because the sparse complaint "failed to disclose whether the defendants' actions did not violate a clearly established constitutional right" and therefore "dismissal on qualified immunity grounds was premature" (citing *Thomas*, 463 F.3d at 291)); *see also Newland v. Reehorst*, 328 F. App'x 788, 791 n.3 (3d Cir. 2009) (cautioning against deciding qualified immunity without a developed factual record).[7]

---

[7] Courts of this District have been similarly cautious to find qualified immunity at the motion to dismiss stage. *See Pinson v. Perera*, No. 19-17227, 2020 WL 3542383, at *4 n.1 (D.N.J. June 30, 2020) (declining

### C. TINTON FALLS POLICE DEPARTMENT

Finally, the Department argues it must be dismissed because it is not a proper defendant in a civil rights action. (Defs.' Br. at 13.) The Court agrees. "In Section 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity." *Padilla v. Twp. Of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004) (quoting *DeBellis v. Kulp*, 166 F. Supp. 2d 255, 264 (E.D. Pa. 2001)); *see also Adams v. City of Camden*, 461 F. Supp. 2d 263, 266 (D.N.J. 2006) ("In New Jersey a municipal police department is not an entity separate from the municipality." (quoting N.J. Stat. Ann. § 40A:14–118)). Therefore, the Department's motion is granted and the department is dismissed from the action with prejudice.

---

to address the defendants' qualified immunity argument because the Court dismissed the civil rights claim for failure to state a claim); *Klingberg v. Hatcher*, No. 17-5563, 2018 WL 3410028, at *4 (D.N.J. July 13, 2018) ("[T]he Court declines to dismiss on that basis in light of the possibility that an amendment would cure the deficiencies noted in the amended complaint."); *Janowski v. City of N. Wildwood*, 259 F. Supp. 3d 113, 126 (D.N.J. 2017) (declining to find qualified immunity evident on the face of the complaint because "[w]ithout further factual development, the Court cannot evaluate the full set of circumstances with which [the officer] was confronted at the time he arrested Plaintiff").

## IV. CONCLUSION

For the reasons set forth above, the Motion to Dismiss, (ECF No. 32) is **GRANTED** in part and **DENIED** in part. The Complaint is **DISMISSED without prejudice** for failure to state a claim against the Borough of Tinton Falls, Adrian Reyes, James Sapia, David Ebert, and Matthew Park. The Complaint is **DISMISSED** with prejudice against the Tinton Falls Police Department. An appropriate Order follows.

_____
ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

Dated: October 31, 2023